The complainants, husband and wife, paid into court $821, adjudged to be due as balance of the contract price for the erection and construction of their dwelling-house, under a contract duly filed, and took a decree of interpleader against the contractor and the latter's stop-notice creditors, who filed notices in due form in this order:
 November 23, 1923, Franklin Lumber Co. ............. $843.27
 November 28, 1923, Elizabeth Sash and Door Co. ..... 1,917.36
 December 12, 1923, Mulroy Cooke Co. ................ 513.25
 December 20, 1923, Albert H. Boerman ............... 447.13
 December 22, 1923, S. S. Supply Co. .............. 210.00
 December 23, 1923, Louis Pisciotta ................. 350.00
 December 24, 1923, Gustave Hecht ................... 51.38
 December 24, 1923, Howard Oliver ................... 110.00
 February 6, 1924, Edward King and Edward J.
 Connelly .......................................... 340.00

There was some question as to the time of filing the notice of the Franklin Lumber Company, but the testimony establishes that it was filed on the date above stated. Boerman, Piaciotta, Hecht, Oliver and King Connelly claim priorities as journeymen and laborers under the sixth section of the Mechanics' Lien act.Comp. Stat. p. 3299. The claims of Hecht and Oliver in this respect are conceded. Boerman had a subcontract for the plumbing work, Pisciotta for the mason work and King Connelly for the painting, each for *Page 82 
a lump sum. They personally worked on the building, but not as journeymen or laborers for wages, and are not entitled to priority. Donnelly v. Johnes, 58 N.J. Eq. 442.
The validity of the Franklin Lumber Company stop-notice is contested, because it was not served on the contractor. The contention is that the third section of the Mechanics' Lien act (Comp. Stat. p. 3294) as amended by P.L. 1917 ch. 241 p. 821, requires service on both contractor and owner. The amendment extends the right of stop-notice to subcontractors Steucrwald
v. Munn, 90 N.J. Eq. 474; Mills v. Hegeman,125 Atl. Rep. 127. As it stood the act gave a lien on the funds in the hands of the owner upon demand and refusal of the contractor to pay lien claims, and notice in writing by the claimant to the owner of such demand and refusal, and of the amount due and demanded. The subcontractor is interpolated in the amendment, and by an inapt conjunction of contractor and subcontractor it would appear, and if taken literally it would seem, that notice of the demand and refusal of the contractor, as well as the notice of the demand and refusal of the subcontractor is to be served upon the contractor, but, sensibly and contextually read, there is no confusion. The stop-notice is to be given to the party in control of the fund — the contract price. Notice of the demand and refusal of the contractor goes to the owner only, and when the subcontractor refuses to pay notice must be served upon both the contractor and the owner, for both in a measure control the fund. It is inconceivable that the legislature intended that a claimant should do such an idle thing as to notify the contractor in writing that demand has been made upon him, and that he has refused to pay the claim. The statute, that upon demand and refusal it shall be the duty of such journeyman, laborer, materialmen or subcontractor to give notice in writing "to the owner or owners of such building and such master workman or contractor of such refusal" is to be construed as if it read: "To the owner or owners of such building and/or such master workman or contractor, as the case may be." This is supported by the further provisions of the amendment, that upon notice to, and if the *Page 83 
claim is not paid by the subcontractor, the owner may pay it, and also by the fourth section, which was amended at the same time in accommodation to the amended third section, which requires that when the notice of the claim is served on the subcontractor by the owner, and he, within five days, gives notice of dispute, the claimant forfeits his claim unless within sixty days he begins suit against the subcontractor to establish his debt by judgment.
The clerk will be directed to pay Hecht and Oliver in full and the balance to the Franklin Lumber Company.